Mr. Mueller. Good morni court counsel. My name i  this case. He is challeng the sal county trial cour challenges. The first cha of the traffic stop and t duration violated Mr Mason in this case because it h properly qualified to be without it being a violat pursuant to Illinois vers is a United States Suprem out of this county. Um Th case on this issue. In re of the traffic stop. Obvi decision by the trial cou by a manifest way of the I believe in this case we that applies into the man evidence standard because was that at no time durin traffic stop. Did Sergeant any action that prolonged And what we do have here page 53 through 56 of the his sergeant Mickey's tes to suppress. He does admi unrelated inquiries into agreement. And those were indications. He indicates know how long it took, wh very big problem for the in which you're trying to stop was and the officer how long I took. But I th video, you can hear him r the papers that would be be the the rental agreeme four minutes that he's, t this. So the state has re that the officer was uh s license and warrants chec you look at the record, t we would point out is the you look at especially th stop, it becomes fairly c if the officer did do the check, he did it simultan with the criminal history of the weird way that the and then the camera is of is very clear in his testi him, did you have the war on your computer until af said no, I ran it through if you watch the video, y giving him all of this in they're giving him is the history when they, when t And by any standard, a cr be an unrelated inquiry t without violating the def rights. So under those c waiting for a criminal hi a basis. Now, if um the t this court were to believ waiting for a license chec does become a more compli Rodriguez makes some fair you can do, at least in m how much you can do for w checks. And I believe tha case in polling makes cle is a relevant interpretat you can't extend the dura these inquiries. And I wo is the first time before court that we've had a si a computerized check of a out of state. And the que can extend the duration o it's part of the mission to do a driver's license check. Does that mean you single state? Does that m like here in Nevada is sl can hold the person for f make sure if there's a wa know if there really is a I would suggest that eve that the normal warrant c mission of the traffic st about is contacting dispa the county to see if ther of the county, having tha a person's driver's licen have a facially valid dri a big step to then say, o an equivalent would be a out of state search and b as it takes to get that o I don't believe that's su I don't believe it's supp Now, the issue that proba of the of the two issues issue or you move on. Can my recollection? The reaso 58 miles an hour, three m the speed limit and an al usage. Was there an out o car? There was an out of car. It was a California car, I believe. And was y agreement? Yes, my recoll on the rental agreement. the officer testified he of it. It only takes a co to confirm that the perso vehicle is the same perso actually matter. The offi four or five minutes to r agreement and decide if y within the contractual pr agreement. I don't, I don testified that it took fo test. And this is my recl and that's why I'm asking because I was kind of get the in between area is th say how long the drug int for looking at the rental I believe if you watch th come to the conclusion th about four minutes based ruffling of the of the pa sure if the officer was e exactly how long he took I have it as on page 52 o will double check. Sure. It took him a couple of m because the rental agreeme than right. And so do you of the course of a local framed that impermissibli or do you think that's ju an officer? Should you do impermiss at least based this officer testified to checks were in relation t activities, then yes. Um circumstances in which yo something suspicious. The the person's name. You wa stolen, not stolen. Pardon But your honor also brought point. There's this allega to see if there's a valid But I believe what we have who rented a vehicle and t license. If you've got a on the right. So I mean t about here, the officer w in a lot of his testimony thing was the canine ther to wait for the dog to ge is a canine handler. So w was another officer to co whatever the traffic stop to be able to run the dog quite frankly, if he igno the traffic stop and ran around the car, I would h argument. It would you de of running the dogs. He w to show up. Then he took it around the car. Rodrig clear. I'm sorry. I just my recollection. Rodrigu clear that there's a miss and that the only time an prolonged after that miss mission is if something c attention. Have there bee determined that interdict valid parts of traffic sto that Rodriguez actually d opposite. I believe the w to look at it is if the o duties starts to get arti you know, has something s into articles, sufficient That's different than I w over on a protectual stop but for the purpose of co And I think fairly clearl ultimate sign of drug int a dog around the car. And was pretty clear that run the car is unrelated beca the drug interdiction. S are okay. I wish they wer that the case law is that over for three miles an h created a lot of the case ship. This course constan is three miles per hour o to make everything a litt is drug interdiction is a when everyone knows the r three miles over close to It is. I mean, I know we think that if you drive t than five minutes, but it stop. It's a it's a it's is. And that's and that i we should be diminishing or three. Yeah, I complete you. The problem isn't th when the basis for the st that the officers worried hour over the speed limit to get a chance to run th If right, any tickets, he Um, after the defendant, in custody, handed him a illegally in usage in thre Yes, because he had two r He did have two reasons f why I also when you say i you're talking about fail gives you a signal to cha Yeah. And this is a seriou is. And it's in this case enough for the officer to citation for it. But that because the officer was i interdiction. He wasn't r in the end, in the underl the illegal lane usage ti was some testimony that t some testimony that there zone that was coming up a was no other traffic aroun was in the wrong lane to a single lane and he ende line and then merging int without using a turn signal the testimony was. And ul that on the trial court, an appeal because quite f stop. There's no doubt ab happens after the stop. T then the big one that I t interesting issue is this And under those circumstan case on point, the United court case, we're all fam Illinois versus Cabela's. Cabela's in this set a re analysis of when it's of can run around the car an of someone's fourth amend out of the thermal imagin is the name of what is th is that if and if a drug hits on something no one is not a violation of the then they distinguish it the thermal imaging, whic pick up activity that's n have a privacy interest i United States Supreme Cou the question before this is marijuana, is there a Is it an inherently ille under the currency of the of the law back in 2015, way for someone to posses medically without any res about being prosecuted qu level or even on the fede I say that is we pass med in the state of Illinois it indicated that it was I completely disagree. It from arrest. It's an outr That's what the statute s that's an affirmative def can't be prosecuted outr if you hold the medical m can legally possess marij Now we are in a situatio all going on, because it' issue, the feds, the fede that we're going to pass the spending bill. Hinkl it's the it bans federal for the purpose of prosec state medical marijuana actually has been a case on this out of the Ninth States versus McIntosh. A is actually and I'll give F 3 d 1163 and they actua come up in regards to nin it was nine different cri pending originally prosec administration. They're p growers. Is any of this i that the well when we act the Hinkley rock bar is s that I've made from the b case. The United States v in after the trial court was being appealed to the Court. The trump administ believe has withdrawn the State Supreme Court. So n additional challenge to u upon in the United States So when the briefs were o we didn't, it's not in th being litigated. Okay. No want you to do is move to and I will give Mr Atwood to that. For sure. Consid argument is Alistair, the capable of detecting lega illegal substance. That's So what's the effect of t is that it is a Fourth Am We don't know if it's a d what it is. The dog actuall based on hindsight, but w the dog actually hit on. is that just like thermal two ways to look at it. E by itself or you can't us as probable cause of the vehicle. Okay. So let's s asked, I see a driver's l stop. Is there any proble asking if they have a medi I think the record would the state if they did. Bu upon a number of differen of what's appearing in th is a problem. And that's who handles the dog indic how long the smell of mar inside of the vehicle. An able to pick up smells th than we could ever as hum example I gave is my clie with legalized marijuana a place with forms of leg drove could have very wel a place with forms of leg it's impossible to be abl smell of marijuana where it came from. If it came source just based upon th question, the dog alerted say the dog is able to tal I smell cocaine and the s did not disclose cocaine. correct? If the drug dog of detecting something th I think your argument wou dog was only trained to r of marijuana. Well, let's you look at the United Sta they're saying is you're things that no one legall And the best argument tha to that is why don't drug It is a, it's a, it's cer you don't have a prescrip what? One of the Xanax, Z I'm sorry. Or other forms And right now in the stat medical marijuana is the prescription medication. hitting on that, even tho trained to hit on Xanax. it would also be very, ve of cabalas where they wer that legally someone's al gotta, I think that it's the case that came out of imaging case where they f in Mr Kelo's basement. An signifies is the ends don The fact that you did fin doesn't fix the fact that search was not in complia pick up something that so privacy interested. Diffe the issue. It is. Yes. I if the drug dog could hit to marijuana, we would ha in this case. But that's dog was trained. It's on and from the record it hi on all one of those four that emanates from a lega an improper use of the dr drug dogs need to be eith drug dogs need to be broug on something that someone a legitimate privacy inte I guess I know I'm out of I think that the way if t cabalas, there's only one this court believes the U Court meant what it said the ruling in cabalas. We one way to come to this c frankly, if the United Sta to change the rule, they'r step with cabalas and caba it's only allowed if it's can legally possess. Okay let's go back to my origi let's say the officer, I at the only state police the officer asked whether or anyone in the car. If because it doesn't hurt a answer is no, no one does be used then? But I still the reason is because of determine when the smell into the car. That's a di back to the original issu among substances. Remember two subsets, right? Okay. longer whether the dog co between illegal illegal s the group has just said w because under Illinois la unless they have medical the problem with the argu I know the two subsets ar each other, but we have a the officer's own testimo of marijuana were in a re legal use of marijuana, t marijuana could have resu days before. So it's the question, does anyone in marijuana occurred doesn' of does it is this search is the possibility that p based upon once again, il So the question I don't t what I don't think the qu as it's not as important. have the medical marijuana is, could this smell have substance? Could it be th from a legalized substanc why the ball is focused o only legalized in the sta the car, the state from y the car or the state you you live or the state tha in. And I think we've got I mean, we've got numerou vehicle could have been e marijuana more so than ju state. I mean, quite frank Mr Mason would not have a marijuana card because of is not from the state of lingers for longer than i what we're talking about can the drug drug hit on legally is a lot of obses legal marijuana or the pe the car before him in Nev legally drove through the and the drug dog and the The drug dog goes around testimony was, it would c that's the smell from befo that caused the hit. And being searched based upon conduct, things that would in. Except in your case, case where your client ha and the dog was trained t Um, I don't believe my cl I believe he had other, t substances. I want to se And here you have the pro again, it's, it's down to don't justify the means. a search that could pick activity. Just the fact t up getting the thing that stop the search from bein Fourth Amendment. What ab they did with the dog? Th car? They had, uh, your c did have a dog in the car they do with the film? Th that they were, that they as a, um, a decoy is what came down to. Although, u transcript, the, um, it's about whether or not they drug dog is a decoy. Now, is a decoy or not, is som be in relation to the, ne of the dog. This would go develop articulable suspi of, you know, just just o I would suggest to you th the only thing that they a dog out the window is n would subject people to a vehicle or should not sub the vehicle. It's not pro it's smart to use cats or stakes. But the, no, I ge the question becomes, is without it? The dog by it a dog up to the window. I believed that they were d suspicion amongst itself. only interfered with what I believe in a legal Four because of the fact that interfering with somethi be allowed to do, which i trained on marijuana to s are. Thank you. Thank you Good morning. Good mornin it please the court. My n and I represent the peopl in this matter. I will ad in the same order as the d did. The trial court held did not unlawfully prolon This court reviews that u of factual findings are r air and the ultimate lega to no vote. And the trial were not against the mani not against the manifest The defendant argues that unlawfully prolong the tr he performed a license an the defendant characteriz warrant checks as superflu aren't part of the ordin of a traffic stop. That c contradicted by the U. S. of Rodriguez v United Sta that that case clearly st whether to issue a traffi mission includes ordinari to the stop. That page fu these ordinary inquiries checks, warrant checks, i checks and registration c these are all part of a s of a traffic stop. And as these checks help support traffic code, which is sa want to have people who a want to have people who h out on our roads for the citizens. Well, how does that safety for roads? We is not necessarily a road but it's also an officer also removes dangerous pe If an individual has a wa it's plausible that they to other citizens. And so to do with making safe ro that to your honor. But t clear that it is part of of the stop. And so we've concept inside that publi safe roads. Well, I'm not public policy issue is on that our Supreme Court di a reasonable check to mak Um, and when we look at w inquiries unlawfully exte have to look at the total And when we look at the t of the stop, we're looki was the officer diligent checks. And there is no b this. It's kind of a fact And so under the facts of initiated traffic stop. H three or four minutes obt license and the rental ag defendant couldn't find t vehicle. He returned his is where counsel's charac event sort of differs fro that he input the license information into his mobi he simultaneously ran a c through dispatch. While t the license and warrant c the rental agreement and write a warning ticket. A officer comes not because the officer because it's that department that offi up the traffic stop. When arrived, he had officer M officer asked that officer ticket. At this time we s on the license and warran because it's been some so of the state of Nevada, r from defendants drivers t or was that the check bas unit? That's the check ba unit on page R 51. And th the first thing he did wa and the license check int the warrant check into th called in the dispatch cri he cannot run that through computer that has to go t unrelated. I don't rememb being one of those four t an unrelated check. And t had been the sole cause o have been unlawful. But t that that was an unrelated unrelated questioning. An checks are really a borde not been completely includ seems to be some indicatio should know what he's dea stops in case that person And that's but that's not mission. I'll grant you t still waiting on the parts of the ordinary mission. check and the warrant chec off the warrant ticket and the free air sniff with Al on the squad car video at seconds. Alistair alerts of the vehicle, which is to heroin and the cocaine minutes and 50 seconds in you will hear a banging s Manicki and strand testif sound is the mobile data the officer that your inf And so because of this, t of the traffic stop was i been completed prior to r And because the drug dogs before the officer had al he needed to complete the for the free air sniff to stop because he had proba moment to search the vehi fact that these license c fact that he spent a few rental agreement, that's he did not delay the stop state of Nevada was slowe information that Rodriguez is all part of the ordin stop, the license, the li The criminal history chec of that analysis. And if before or after, it doesn unless the officer specif the criminal history chec to completing the mission that's not what happened a problem after the offic walks to the car, walks t Alistair and Alistair ale really an issue because t reads the real question h sniff prolongs the stop i that sniff is an unrelat what Rodriguez says. So i if we were going to count the officer turns to the takes the dog and removes the dog, it's a borderli isn't supported by these to determine what the cou that. I know what you're along with your opposing to suggest the officers t car and they take Alistai they go and ask for the l Well, it does present th Do you know why I stopped this case, we know that a as he's going up. Right. like I said, that's a tou for me to determine that I'd say that's a very clo different from this case lawful reasons to pull ov you stated, he was feedin lane without indicating a take the dog with him up up and follow the normal in traffic stop, ask for etcetera. And so because the fact is because the s occurred prior to receiv that he needed to complet means the dog could not h the stop. And on that iss lawful. I would also note to finish only 14 minutes when the officer initiated the dog alerted. And the in this state in the fift said that 17 minutes was of time. And in that case input information into h caused a significant dela from our case where it wa that caused the delay. A people be stately. 18 min reasonable. As long as th diligently, which here wa officer acted diligently. at any step of this proces time to use because the l check information had not yet. I don't understand w took it upon himself to r to see if the defendant h of the agreement by takin of the state. That seems matter between defendant I think the officer testi with every rental agreeme I can't recall exactly wh on. But I believe the off he was confirming that th person authorized to have that the vehicle was insu agreement. And so that i it dovetails onto the ori stop confirming whether o insurance because it's no could produce an Aflac ins name on it since he didn' It was a rental car. So I he didn't take time doing time to spare and he was all his P's and Q's. I'm you just had a dog, not a dog in the car. That's ri a random national company that will take me into th because of the reason I s we'd ask that you would a order denying the defenda evidence. And turning out defendant argues that Al dog is not certified purs cabalas because he can de marijuana. In addition to and methamphetamine. Now the cabalas court stated by a trained and certified no other information than no individual has any rig basis of defendants argume passage of the Compassion Act essentially created s is not always inherently conclusion. This conclusi by federal law and state l the compassionate use of did not repeal the crimina statute as part of our cr that law remained in plac Medical Marijuana Act itse provisions which clearly remains an illegal substa pointed out, I kind of ca of this card is really an because if an officer det or if a dog detects the o he's got a reasonable sus cause to ask whether or n in the vehicle or to mayb But if you've got the get card, so to speak of the state law, you have a def okay to have it. But that all forms of marijuana po only authorizes an individ up to 2.5 ounces at a tim any more than that, you'v possession of marijuana c prosecuted in criminal co whether you have the card really just focuses on ve of individuals who have s health issues and disease there's some evidence tend pain or help their sympto at the Illinois, you're s be used in defense, corre be used as a prophylactic Correct. Because I'm corr that we would have a righ further and it would be s would have to show, look, you've got to determine h this defendant has. So I' ounces. I have the card p charges. That's what has none of this works. And o retrain every drug dog in the odor of marijuana, ev was still federally illeg the administrative code i administrative code, inter specifically states, use remains a controlled subst law. Thank you. Additiona code states that users mu to the fact that they und is illegal. And as counc 2015, uh, Hank, Hank, a r that says that, you know, refused to spend money on cases. But that spending the Controlled Substances remained illegal. It's ju chose not to pursue those illegality of marijuana h throughout all relevant t Additionally, we have som that has interpreted thes California, Illinois and state laws for the posses versus how they interact And in the U. S. Supreme V. Rage is specifically s placed by state law on po cannot place an individua of federal law because of So regardless of whether okay to smoke marijuana, by the feds. And so the i remains. And in addition, his green council cited p is a Colorado Court of Ap opinion was unpublished a also been recently grante Supreme Court to determine So I would, I would, I wo that it might be a little that as being any type of to this court. I would als factually distinguishable this case because in Colo of colorado amended their marijuana recreationally a resident of that state. here. Marijuana remains i with the very limited exc qualify under the medical are you, are you agreeing says what Mr Mueller says it agrees that the drug d that aren't inherently il was inherently illegal. B to Kylo, I think that's d in that case, we've got t scan that showing, you kn in the house takes her da the famous line from that that's a home versus a ca to Delaware v. Cross, you expectation of privacy in you're out on the roads. the cabal's case, I had C with the same position th here that these are inher and Kylo didn't change th know medical marijuana is marijuana possession is n state. As long as you're the statute that you have don't use it. And there a churches and schools, you You can't possess more th So I mean, it's just a ve when you can possess mari itself clearly refers to illegal. And if we look a intent, we can also see t for marijuana to become l because they enacted the was as specifically and t the council's analogy of, drugs or Xanax. Well, Xana you don't have a prescrip 1000 pills when your pres only need 100. And if a d to sniff out an opioid, i held opioid painkiller pr would be okay, it's a sim as long as you're within you've not broken the law that you have. But as far intent, the bill sponsor cannot after prescribed m because marijuana is ille blue laying and I cited t The representative has as a short debate prior to p was asked who enforces th stated, um, it's just lik you break it, you go to j there was no intent to le And so if we compare, you intent to legalize medical purpose, but not, you kno think what's a really cri is this 2.5 ounce provisio being registered user wit you possess more than tha to be criminally charged for unlawful possession o you're not allowed to hav the whole question is, ca a substance that you don' Well, you don't have a ri marijuana and a drug bottle marijuana you have, you c there. And so that become next step where an officer medical card with you? It like that would be a pract on how the statutes are w fact that this is really full out right to have th just says, look, I have a says I'm okay. Um, except by phallus was does the d that could be legal for s Yeah, something that is n illegal, but the federal and under federal law is so that one is legal, cor of the supremacy clause, And I understand the stat an exception. But if in t the federal law would prev the nation is that mariju And therefore, because he it's okay. And I would al no marijuana in this case the argument that becaus through some states where that odor could have been as as Justice Holdridge p the dog up to the window, testified was a counterme used by individuals traff when the dog walks around he doesn't alert at the w area where you know, you marijuana smell. He was i where the heroin and the the rear of the vehicle. to ask you one question a someplace. So medical mar from marijuana in that. I So it's not the same. I'm that's an accurate charac of marijuana. I think med contains THC. I think it THC when medical marijua there are certain parts o is me speaking off the cu knowledge of my understan can be removed because th that can help with seizur that and that can be put perhaps into an oil. But marijuana with THC is alw But if you take the THC o if the courts have made a about whether or not that You know, that might be s include in a supplemental a question. Your honor se Yeah, I would like to hav I think that there's the if different form of us a amounts of it. Okay. And distinction. You know, if about marijuana, but in no marijuana, the job det and there was no other re in the record that mariju this. So you're saying th possessing it regardless or how it's adulterated i I'm not certain your hono how the courts would discern marijuana with the presen be a distinguishing facto herbalist. I'm not a bott the distinction would be. speaks to the Gonzalez ca up briefly. I imagine I'm Gonzalez case, they were state law. And in that ca whether or not it was law to have possession and cu medical purposes. And in stated that a defendant i the reach of federal law. law has has placed some a or not you can possess ma that same principle applie throughout this whole time federally illegal and it the state unless you fell exception. And I think be justice holders pointed o for the drug dog. He's st cabalas performing a fear we get to the step where o something. And if that is you would need to prove t you properly registered an than the maximum amount y And for all these reasons uh, the trial court's dec motion to suppress was no weight. And I would ask t that denial. Okay, I'm go unhappy, but I want to go of the staff. Certainly wh the highway occasionally officer that pulls me ove writes the ticket, then a this case, if the officer over had stayed in the squ the ticket, he wouldn't h to leave until the warran that was bad. Correct. Bu another officer. So my po have been impossible for timeframe of that particu to have walked his dog ar wouldn't apply the squad c another officer in to wri he hadn't finished. Does' unnecessarily prolong st what you're saying. And I he couldn't have done tha in which he received the check back, he took the r unlawfully prolong the sto officer by handing it off is important. He didn't c to come in. The other off said, here we finish this the stop. And if, and if the stop, but prior to th return and come back, we' whether or not he unlawful know, because then we dete came back? Was there anyth I appreciate. Thank you. I'd like to start again w issue. Just real briefly. out that the officer's te this person through his c inconsistent. And the rea as soon as he got back in his camera was bad. He pu he put it on the dock on we have a video. Well, th The CQH inquiry was perfo with the license and oran He does not run or even a videos to run the CQH inq he would have had to have still outside of the car. he could not have done it running the CQH inquiry. CQH, the criminal histor history. He had to have c So he's outside of his ca of his little computer ins could, if he did it simult not on the video, we have And that's why it's impor testified that the respon on the mobile data comput responses, not a warrant along those lines. What h registration responses, w a response to because tha video before he ever pull So we already know the re before the vehicle ever e So this idea that what ar on for the length of the camera doesn't have an ac largely relying upon or r for the parts that we can testimony as to what, how of the outside of the car record is pretty, there's minutes. But that's an ap have been wrong. It very longer. There was a way t radio logs, the radio, th came back. I looked at th the case and I don't and why the radio logs didn't I don't think they helped think it was a bit of a w the 14 minutes as an esti for sure. There's no doub 14 minutes is an estimati medical marijuana issue. marijuana is an affirmative all decided it's been an a but a registered cause fi to arrest, prosecution or or privilege, including b or disciplinary disciplin statute. They're not, the not subject to arrest, pr of any right or privilege the statute says. This is offense. You can't be arre medical marijuana card. R the right of privilege? W marijuana card, you have right to possess a certai right. The uh, and what w at here is the state keep still illegal. It's still the issue. That's not wha is not even close to it. possess medical marijuana critical to the decision device was capable of det activity. That's talking a dog sniff conducted dur lawful traffic stop that other than the location o no individual has any righ not violate the Fourth Am upspending provision that government from prosecuti and there's a way in nume can legally possess marij becomes, can it pick up l the undeniable response t the way this dog is train picking up on law, perfec and that there's lawful a very specific lawful acti of marijuana with medical card. No, it's not. It's of a certain amount of ma specificity. That's the o let's be clear. The state argument. The dog hit on and heroin. We don't know talk. We have no clue tha don't know what we can gu know what the drug dog ac that's what the problem i That's why it's different smell. For example, the o to the car and there's an the vehicle. He can say t differentiation issue. As Yeah, I completely agree. issue. But ultimately som possess marijuana, be sto going to hit. And thank y other questions? One ques I asked Mr Atwood and that that made the stop, staye ticket, the drug, the dog occurred. Yes, there's no he had done the mission o and continue to continue t we never would have gotte I have to argue about dru marijuana. We would have too long the duration. Un with him to hand back the And even then, if you rea testimony, the surgeon, M testimony, the drug dog i can walk along with it an and patterns that they ha the car in a certain way. like, oh, he can have, I belt. He happens to hit o where you have to actuall an unrelated check, just where I'm gonna run it ar giving it certain commands under. You just said it h procedure. That's what th He also testified extensi procedure is to do the fr car and the steps that he still, that may be his pr prohibition of the dog wa doing the pre air. I agree forward to the court that up and the dog did someth on, it would have been, w the right pattern. You di You didn't do. It's just quite frankly. Thank you. of you for your arguments take the matter under adv